UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKEMA PHILBERT,

                Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

1:21-cv-03119 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    On March 1, 2023, Plaintiff submitted a perfunctory letter requesting an extension of the discovery deadlines in this case. *See* ECF No. 56. Defendant submitted a response letter that same day, opposing Plaintiff's request on several grounds. *See* ECF No. 57. As stated below, Plaintiff's request is DENIED.

    Plaintiff's request does not comply with the Court's Individual Rules. The Court's Individual Rule 1.F requires a party seeking an extension to, among other things, state the number of previous extension requests, whether those requests were granted or denied, and whether the adversary consents to the request. Plaintiff did none of this. Plaintiff also did not contact Defendant to seek consent to the request or to propose a joint, revised discovery schedule before filing the request. *See* ECF No. 57. Plaintiff was aware of the process for seeking an extension because the Court previously denied a discovery extension request in this case that failed to comply with the Court's Individual Rules. *See* ECF No. 49.

    This action has been pending since April 2021 without expeditious prosecution by Plaintiff. The Court recently granted an extension of discovery deadlines on December 2, 2022 – the previous deadline for all discovery – because it appeared the parties had neglected to

undertake any document production, depositions, or other discovery. *See id.*; ECF No. 51. The Court warned at that time that the Court "is unlikely to grant any further extension of the discovery deadlines." ECF No. 51. On January 30, 2023, the Court reluctantly granted one final extension because of Plaintiff's alleged failure to cooperate with the disclosure of documents and scheduling of Plaintiff's deposition. *See* ECF No. 53. The Court repeated its caution to the parties that any further extension is unlikely, and that the "parties are directed to complete all discovery expeditiously before" March 2, 2023. *Id*.

Plaintiff fails to show good cause for further extension of discovery at this stage of the litigation. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). "The Rule 16(b)(4) 'good cause' inquiry is primarily-focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007)). Here, Plaintiff requests the extension in order to provide Plaintiff more time to depose four fact witnesses who Plaintiff asserts are employees of Defendant. *See* ECF No. 56. Other than a conclusory statement that Plaintiff has "previously requested dates" for these depositions, Plaintiff does not indicate any efforts Plaintiff has made to depose these witnesses within the confines of the discovery deadlines that have been previously extended. *Id*. Indeed, Plaintiff did not raise the prosect of deposing these witnesses during the parties' previous discovery extension requests on the eve of prior discovery deadlines. In its response, Defendant explains that Plaintiff requested, for the first time, to depose two of these witnesses on February 21, 2023 – six business days before the close of discovery – and

requested to depose the other two witnesses for the first time on February 27, 2023. Defendant also states that Plaintiff only produced its paper discovery on February 24, 2023. *Id*.

Under the circumstances, the Court finds that Plaintiff has not diligently taken efforts to complete the four depositions before the close of fact discovery, and that Plaintiff has failed to show good cause for extending the discovery deadlines again. *See, e.g.*, *Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (finding the plaintiff failed to show good cause to modify the discovery schedule because, "[s]imply put, plaintiff 'had ample time and opportunity to take the depositions of these four individuals prior to the close of discovery, but was dilatory in his discovery efforts'" and the plaintiff "could have, with diligence, completed discovery within the already-extended time allotted"); *Harris v. Comput. Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("These reasons do not constitute good cause to extend or reopen discovery. Plaintiff delayed depositions until the 'eleventh hour' – three days prior to the discovery completion deadline, which had twice been extended – and was not diligent in obtaining discovery within the period set by the court."); *Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-01318 (GBD) (BCM), 2018 WL 4907911, at *3 (S.D.N.Y. Sept. 25, 2018) (affirming denial of request to extend fact discovery because the plaintiffs did not show "good cause").

Accordingly, Plaintiff's extension request is DENIED. Discovery closes today.

Dated: March 2, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3