UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

SHAKEMA PHILBERT,

                                 Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, CAMILLE
FORBES, and KERIANNE HARRISON,

                                Defendants.
---------------------------------------------------------------- x

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

21-cv-3119 (PAE)(JLC)

        Pursuant to Rule 56.1 of the United States District Court for the Southern District of New York Local Civil Rules, Defendant, Department of Education ("DOE"),[1] by its attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respectfully submits the following statement of material facts to which it contends that there are no genuine issue to be tried, and which supports the grant of summary judgment in favor of Defendant:

**A.    Plaintiff's Employment at P.S. 206**

        1.    On September 6, 2011, the DOE appointed Plaintiff a special education teacher. See "Exhibit A,"[2] Annual Professional Performance Review (2011), at DEF000539.

        2.    Plaintiff was assigned to P.S. 206 from September 2011 to June 2017. See Exhibit "A," Annual Professional Performance Review (2011), at DEF000539.

        3.    On May 22, 2014, the DOE extended Plaintiff's probationary employment for an additional one-year probationary period from September 1, 2014 to September 1, 2015. See

---

[1] In a Decision and Order dated January 7, 2022, Judge Engelmayer dismissed the City of New York, Camille Forbes, and Kerianne Harrison from this matter. See Decision and Order, ECF Dkt. No. 1, at p. 45.

[2] All exhibits referenced are annexed to the supporting Declaration of Assistant Corporation Counsel Rachel DiBenedetto, dated May 23, 2023 ("DiBenedetto").

Exhibit "B," Plaintiff's Extension of Probation Agreement, dated May 19, 2014, at DEF001068-DEF001669.

4. On March 31, 2015, the DOE extended Plaintiff's probationary employment for an additional one-year probationary period from September 8, 2015 to September 8, 2016. See Exhibit "C," Plaintiff's Extension of Probation Agreement, dated March 31, 20155, at DEF001066-DEF001067.

5. A teacher may receive an ineffective, developing, effective, or highly effective rating on their performance evaluations. See Exhibit "D," Relevant portions of the deposition transcript of Plaintiff, taken February 27, 2023, ("Pl.'s Dep.") at 78:23-24; Exhibit "E," Memorandum of Agreement entered into between the Board of Education of the City School District of the City of New York and the United Federation of Teachers (2018-2019), at DEF000960-DEF000961; Exhibit "F," Memorandum of Agreement (2019-2020) entered into between the Board of Education of the City School District of the City of New York and the United Federation of Teachers, at DEF000774- DEF00075.

6. Plaintiff received a MOTP (Measure of Teacher Practice) Score of 3.00 out of 4.0 and a MOTP HEDI (Highly Effective, Effective, Developing, or Ineffective) rating of "Effective" for the 2016-2017 school year. See Exhibit "G," Plaintiff's MOTP Score, dated June 22, 2017 (2017-2018), at DEF001054.

7. On April 11, 2017, the DOE extended Plaintiff's probationary employment for an additional one-year probationary period from September 7, 2017 to September 8, 2018. See Exhibit "H," Plaintiff's Extension of Probation Agreement, dated April 11, 2017, at DEF001064-DEF001065.

8. During the 2016-2017 school year, Plaintiff was absent 14 days, 3 hours, and 10 minutes. See Exhibit "I," Plaintiff's Attendance Form For Advance-Rated Teachers, at DEF001070.

9. During the 2017-2018 school year, Plaintiff was absent 24 days, 12 hours, and 16 minutes. See Ex. I, Plaintiff's Attendance Form For Advance-Rated Teachers, at DEF001070.

10. On April 18, 2018, the DOE extended Plaintiff's probationary employment for an additional one-year probationary period from October 5, 2018 to October 5, 2019. See Exhibit "J," Plaintiff's Extension of Probation Agreement, dated April 18, 2018, at DEF001062-DEF001063.

**Plaintiff's Employment at P.S. 194**

10. During the summer of 2018, Plaintiff sought an internal transfer to another DOE school. See Ex. D, (Pl.'s Dep.), at 32:20-25; 33:1-3.

11. Plaintiff was assigned to P.S. 194 from September 2018 to June 2019. See Exhibit "K," Plaintiff's MOTP Score (2018-2019), at DEF001051-DEF001053.

12. During the 2018-2019 school year, Kerriane Harrison was the Principal at P.S. 194. See Ex. D, (Pl.'s Dep.) at 19:11-14.

13. During the 2018-2019 school year, Collen Cornwall Lewis was an Assistant Principal at P.S. 194. See Ex. D, (Pl.'s Dep.) at 42:20-21.

14. In accordance with the memorandum of agreement, "[p]robationary teachers shall receive a minimum of one (1) formal and three (3) informal observations." Exhibit F, Memorandum of Agreement (2019-2022), bearing bate stamp nos. DEF0000961; see Ex. D, (Pl.'s Dep.) 60:14-17.

15. During the 2018-2019 school year, Plaintiff received four observations in total—three informal unannounced observations, and one formal announced observation. See Ex. D, (Pl.'s Dep.) at 55:11-17.

16. While at PS 194, Plaintiff served as a fourth-grade teacher in integrated collaborative teaching classroom and a special education teacher. See Ex. D, (Pl.'s Dep.) at 37:16-22.

17. On September 26, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Exhibit "L," Plaintiff's Historic Data, at DEF001099.

18. On September 30, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001099.

19. On October 25, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001098; Exhibit "M," Feedback Email to Plaintiff, dated October 25, 2018, at DEF_PHIL_E0000014.

20. On October 26, 2018, Assistant Principal Lewis conducted an informal observation of Plaintiff and Plaintiff received a combination of "Developing" and "Effective" ratings. See Pl.'s Dep. at 55:11-120; Exhibit "N," Plaintiff's Annual Professional Performance Review (APPR) (2018-2019), at DEF001076-DEF001079.

21. On November 27, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data,

at DEF001098; Exhibit "O," Feedback Email to Plaintiff, dated November 27, 2018, at DEF PHIL_E0000042.

22. On December 10, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001098; Exhibit "P," Feedback Email to Plaintiff, dated December 10, 2018, at DEF PHIL_E0000081.

23. On December 11, 2018, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001097; Exhibit "Q," Feedback Email to Plaintiff, dated December 11, 2018, at DEF PHIL_E000099.

24. On January 10, 2019, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001096; Exhibit "R," Feedback Email to Plaintiff, dated January 10, 2019, at DEF PHIL_E000161.

25. On January 25, 2019, Assistant Principal Lewis conducted an informal observation of Plaintiff and Plaintiff received a combination of "Developing" and "Effective" ratings. See Ex. D, (Pl.'s Dep.) at 55:25-56:1-2; Ex. N, Plaintiff's Annual Professional Performance Review (APPR), at DEF001080-DEF001083.

26. In January and February 2019, Plaintiff attended two meetings with Principal Harrison concerning Plaintiff incorrectly inputting data into drop box See Ex. D, (Pl.'s Dep.) at 69:17-19.

27. On February 1, 2019, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001096.

28. On April 14, 2019, Plaintiff received written feedback through Whetsone Education, an online teacher observation system. See Ex. L, Plaintiff's Historic Data, at DEF001096; Exhibit "S," Feedback Email to Plaintiff, dated April 14, 2019, at DEF PHIL_E0000383.

29. On April 11, 2019, Plaintiff received an informal observation and Plaintiff received a combination of "Ineffective" and "Developing" ratings. See Ex. D (Pl.'s Dep.) at 56:1-2; Ex. N, Plaintiff's Annual Professional Performance Review (APPR), at DEF001084-DEF001087.

30. On April 29, 2019, Principal Harrison emailed Plaintiff to remind her that the deadline for tenure decisions is April 30, 2019. See Exhibit "T," Email to Plaintiff, dated April 29, 2019, at DEF_PHIL_E0000393.

31. In the same email, dated April 29, 2019, Principal Harrison asked Plaintiff whether she had any examples of impact over two consecutive years to inform Principal Harrison's decision concerning Plaintiff's tenure. See Ex. T, Email to Plaintiff, dated April 29, 2019, at DEF_PHIL_E0000393.

32. On April 30, 2019, Plaintiff responded to Principal Harrison's email dated April 29, 2019 stating that she did not keep artifacts from her previous school to qualify for tenure. See Ex. T, Email to Plaintiff, dated April 29, 2019, at DEF_PHIL_E0000393.

33. On April 30, 2019, Principal Harrison received an automatic email notification from the Tenure Notification System reminding Principal Harrison to submit any

tenure recommendation for Plaintiff.  See Exhibit "T," Email to Plaintiff, dated April 29, 2019, at DEF_PHIL_E0000393.

34. The same email dated April 30, 2019 include a require recommendation chart which, listed Plaintiff as having an "area of concern." Ex. T, Email to Plaintiff, dated April 29, 2019, at DEF_PHIL_E0000393.

35. On May 30, 2019, Plaintiff received a formal observation, wherein she received a combination of "Ineffective" and "Developing" ratings. See Ex. D, (Pl.'s Dep.) at 76:13-22; Ex. N, Plaintiff's Annual Professional Performance Review (APPR), at DEF001088-DEF001092.

36. As set forth in the Chancellor's Regulation C-601-9-5, "[e]arly departure without notice and permission constitutes unauthorized absence and neglect of duty." Exhibit "U," Chancellor Regulation C-601, at DEF001014-DEF001016.

37. On June 10, 2019 at 2:11 PM, Plaintiff emailed Principal Harrison and advised that she would leaving 20 minutes early to attend a doctor's appointment. See Exhibit "V," Email to Principal Harrison, dated June 10, 2019, at DEF PHIL_E0000484.

38. Within minutes, Principal Harrison responded to plaintiff's email and advised: "I appreciate how difficult it can be to schedule appointments outside of academic time, However, this is less than 24 hours' notice, and that is quite simply unacceptable. Additionally, it is usually customary to ask for permission to leave early. As such, please clock out so that we can keep your time and attendance accurately. We will review your time and attendance during our End of Year conversation happening later this week."  Ex. V, Email to Principal Harrison, dated June 10, 2019, at DEF PHIL_E0000484.

39. Plaintiff received a MOTP (Measure of Teacher Practice) Score of 2.02 out of 4.0 and a MOTP HEDI (Highly Effective, Effective, Developing, or Ineffective) rating of "Developing," for the 2018-2019 school year, dated June 21, 2019. See Ex. K, Plaintiff's MOTP Score (2018-2019), at DEF001051-DEF001053.

40. On June 24, 2019, the DOE discontinued Plaintiff's probationary employment with the Department of Education based on a review of Plaintiff's performance during her employment. See Exhibit "W," Plaintiff's Denial of Certification of Completion of Probationary Employment, at DEF001102.

41. On June 25, 2019, 6:48 AM, Plaintiff emailed Principal Harrison the following:

> I'm writing to let you know that I was able to put a considerable dent in the packing up of room 316, with the help of students; however, it came at a personal cost to myself. I ended up having to nurse a headache yesterday evening on account of being in a hot classroom. When I texted you during lunch yesterday asking you to please have the custodian turn the AC back on the temperature had already reached 81° and continued to climb.
>
> I know I shared with you that I suffer from migraines and previously shared the fact that I had neurosurgery. In our last meeting, I expressed that heat is a trigger for me. I do my best to avoid trigger points like stress and dehydration. I had an aneurysm so getting a headache or migraine continues to be a frightening experience.
>
> My health matters. I may have to leave early today, during lunch, if conditions continue.

Exhibit "X," Email to Principal Harrison, dated June 25, 2019, DEF PHIL_E0000513.

42. On June 25, 2019, 8:41 AM, Principal Harrison emailed Plaintiff the following:

> I am so sorry to hear that you are suffering in this fashion.
> When you texted yesterday, the AC was turned back on.

> You may have to use the wall switch. As you know I was out of the building yesterday, but communicated with the custodian at 12:50p when I checked my phone and saw your message.
>
> As you may also know, the AC was only turned off after 4 unprofessional disputes by the adults in the classroom, and these conditions could have been avoided by engaging in mutually respectful and appropriate professional behavior. Additionally, we had a conversation to the affect, that if there was another dispute we would have not other choice than to turn off the AC. And yet, the disputes continued. Additionally, the DOE does not require air conditioning in classrooms and the only UFT regulations that exist are when the temperature is below a certain temperature (68 degrees Fahrenheit or above). http://www.uft.org/our-rights/indoor-temperature-regulations; http://www.uft.org/files/attachments/energy-conservation-guidelines.pdf
>
> Again, I am sorry that you are suffering as a result of the heat. Please let us know how we can continue to support you.

Exhibit "Y," Email to Plaintiff, dated June 25, 2019 at 8:41 AM, DEF PHIL_E0000515.

43. On June 25, 2019, 2:26 PM, Assistant Principal Lewis emailed Plaintiff that all completed report cards were due by Wednesday, June 19, 2019 at 5:00 pm. See Exhibit "Z," Email to Plaintiff, dated June 25, 2019 at 2:25 PM, DEF PHIL_E0000519.

Dated:   New York, New York
         May 23, 2023

                                           **HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendant City of New York
100 Church Street, Room 2-171
New York, New York 10007
Tel: (212) 356-5031
rdibened@law.nyc.gov

*/s/ Rachel M. DiBenedetto*
Rachel M. DiBenedetto
Assistant Corporation Counsel

9