No. 21-cv-03119 (JLR) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKEMA PHILBERT,

                                                            Plaintiff,

                              -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, CAMILLE
FORBES, and KERIANNE HARRISON,

                                                            Defendants.

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DEPARTMENT OF EDUCATION'S MOTION FOR SUMMARY JUDGMENT

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 2-171*
*New York, N.Y.  10007*

*Of Counsel:  Rachel M. DiBenedetto*
*Tel:  (212) 356-5031*
*Matter No.:  2021-010250*

Rachel M. DiBenedetto,
  Of Counsel.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 1

POINT I: PORTIONS OF PLAINTIFF'S PROPOSED FACTS, EXHIBITS, AND
DECLARATION SHOULD NOT BE CONSIDERED ............................................................ 1

    A.    Plaintiff's Purported "Facts" Are Inaccurate and
Disingenuous................................................................................................................ 1

    B.    The Text Messages and SDHR Conference Notes Annexed
As Exhibits to the Philbert Declaration are Inadmissible Hearsay .................... 4

    C.    Plaintiff's Self-Serving Declaration Should Be Stricken........................................ 5

POINT II: PLAINTIFF FAILS TO RAISE A TRIABLE ISSUE OF FACT TO PRECLUDE
SUMMARY JUDGMENT ........................................................................................................ 6

    A.    Plaintiff Cannot Establish a Prima Facie Case of Retaliation................................ 6

    B.    Plaintiff Fails to Show That Defendant's Legitimate
Business Reason Was Pretextual ............................................................................ 7

CONCLUSION....................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Berrie v. Bd. of Educ. of the Port Chester-Rye Union Free Sch. Dist.</u>,
  750 Fed. Appx. 41 (2d Cir. 2018)............................................................................................. 2

<u>Deebs v. Alstrom Transp., Inc.</u>,
  346 F. App'x 654 (2d Cir. 2009) .............................................................................................. 4

<u>Feis v. United States</u>,
  394 Fed. App'x. 797 (2d Cir. 2010) ......................................................................................... 2

<u>FitzGerald v. We Co.</u>,
  No. 20-cv-5260 (AT), 2022 U.S. Dist. LEXIS 59036 (S.D.N.Y. Mar. 30, 2022).................... 7

<u>Hayes v. New York City Dept. of Corrections, 8</u>
  4 F.3d 614 (2d Cir. 1996) ........................................................................................................ 5

<u>Ibela v. Allied Universal</u>,
  21-1995-cv, 2022 U.S. App. LEXIS 12155 (2d Cir. 2022) ...................................................... 7

<u>In re Lyman Good Dietary Supplements Litig.</u>,
  17-cv-8047 (VEC), 2020 U.S. Dist. LEXIS 109318 (June 22, 2020 S.D.N.Y.) ....................... 5

<u>ITC Ltd. v. Punchgini, Inc.</u>,
  482 F.3d 135 (2d Cir. 2007)...................................................................................................... 4

<u>Jackson v. N.Y.C. Dep't of Educ.</u>,
  768 F. App'x 16 (2d Cir. 2019) ................................................................................................ 7

<u>Jeffreys v. City of New York</u>,
  426 F.3d 549 (2d Cir. 2005)................................................................................................. 3, 4

<u>K.F. v. N.YC. Dep't of Educ.</u>
  10-cv-5465 (PKC); 10-cv-6047(PKC), 2011 U.S. Dist. LEXIS 67739 (S.D.N.Y. June 15,
  2021) ......................................................................................................................................... 2

<u>Messinger v. JP Morgan Chase Bank, N.A.</u>,
  126 F. Supp. 376 (S.D.N.Y. 2015)........................................................................................... 5

<u>Mestecky v. N.Y.C Dep't of Educ.</u>,
  791 F. App'x 236 (2d Cir. 2019) ........................................................................................... 10

<u>Norris v. N.Y.C. Hous. Auth.</u>,
  No. 02-cv-6933 (RJH), 2004 U.S. Dist. LEXIS 8619 (S.D.N.Y. May 12, 2004) .................... 8

Prendergast v. Port Auth. of N.Y. & N.J.,
    No. 19-cv-7314 (ALC) (BCM), 2021 U.S. Dist. LEXIS 164976 (S.D.N.Y. Aug. 31, 2021) .... 8

Scotto v. Brady,
    410 Fed. Appx. 355 (2d Cir. 2010) ........................................................................................... 4

See Kendricks v. Westhab, Inc.,
    163 F. Supp. 2d 263 (S.D.N.Y. 2001) ....................................................................................... 6

Serdans v. Pressbyterian Hosp. v. N.Y.,
    No. 09-cv-1304 (PGG), 2011 U.S. Dist.  LEXIS 109350 (S.D.N.Y. Sep. 23, 2011) ................ 2

Slattery v. Swiss Reinsurance Am. Corp.,
    248 F.3d 87 (2d Cir. 2001) ........................................................................................................ 7

Smiley v. Cassano,
    No. 10-cv-3866 (RJS), 2012 U.S. Dist. LEXIS 39615 (S.D.N.Y. Mar. 20, 2012) .................. 10

Spiegel v. Schulmann,
    604 F.3d 72 (2d Cir. 2010) ........................................................................................................ 4

Unicorn Crowdfunding, Inc. v. New St. Enter.,
    507 F. Supp. 3d 547 (S.D.N.Y. 2020) ....................................................................................... 4

Woolf v. Bloomberg L.P.,
    No. 16-cv-6953 (PKC), 2019 U.S. Dist. LEXIS 35082 (S.D.N.Y. Mar. 5, 2019) .............. 7, 10

Woolf v. Strada,
    949 F.3d 89 (2d Cir. 2020) ........................................................................................................ 7

**Statutes**

42 U.S.C. § 12102(1)(A) ................................................................................................................ 6

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................................................ 1, 2

**Other Authorities**

Local Civil Rule 56.1(c) ........................................................................................................... 2, 3

See *Joint Intentions and Commitments (2008-2018)*, UFT,
    https://www.uft.org/files/attachments/teachers-contract-2009-2018.pdf (last visited June 16,
    2023). ....................................................................................................................................... 9

## PRELIMINARY STATEMENT

On May 23, 2023, the DOE moved for summary judgment pursuant to Federal Rules of Civil Procedure ("FRCP") 56 seeking to dismiss Plaintiff's remaining retaliation claim in its entirety. See ECF Dkt Nos. 73-78. On June 13, 2023, Plaintiff served her Opposition papers to Defendant's motion for Summary Judgment ("Opposition"). See ECF Dkt Nos. 80-82. Defendant now submits this Reply Memorandum of Law in further support of its Motion for Summary Judgment on the grounds that (1) Plaintiff's purported facts are inaccurate, disingenuous, inadmissible, miscited, and self-serving, and (2) Plaintiff's argument fails to raise a triable issue of fact. Plaintiff's Opposition largely consists of inaccurate citations and conclusory assertions, absent any caselaw, that fail to rebut Defendant's position. Plaintiff does not, and cannot, establish that the DOE discontinued Plaintiff's employment because of Plaintiff's request to turn on the air conditioning. Therefore, the Complaint should be dismissed in its entirety.

## ARGUMENT

### POINT I

### PORTIONS OF PLAINTIFF'S PROPOSED FACTS, EXHIBITS, AND DECLARATION SHOULD NOT BE CONSIDERED

#### A.  Plaintiff's Purported "Facts" Are Inaccurate and Disingenuous

As an initial matter, Plaintiff's Opposition includes several exhibits not produced during the course of discovery and thus, cannot be considered part of the record. See Fed. R. Civ. P. 56(c)(1)(A). Neither Plaintiff's discovery responses nor her production include any bates numbering. Still, upon comparison with Plaintiff's production, Plaintiff produced certain annexed materials for the first time as part of her Opposition. See ECF Dkt Nos. (Exs. 33-35, 40, 46, 52)[1];

---

[1] Plaintiff also failed to include proper redactions for student names in multiple exhibits. See ECF Dkt Nos. 81 (Exs. 26, 30, 38, 40, 54). Defendant requests that Plaintiff refile these documents

<u>Serdans v. Pressbyterian Hosp. v. N.Y.</u>, No. 09-cv-1304 (PGG), 2011 U.S. Dist. LEXIS 109350, at *18 (S.D.N.Y. Sep. 23, 2011) ("[T]his Court has not considered --- in resolving Defendant's summary judgment motion – materials that were not produced to defense counsel during discovery.")  Even so, the newly referenced exhibits fail to raise a triable issue of fact.

Plaintiff's failure to respond to Defendant's 56.1 Statement (Def.'s 56.1 ECF No. 74) with appropriate record citations of her own warrants this Court concluding that Plaintiff has admitted these facts.  <u>See</u> Fed. R. Civ. P. 56(c)(1)(A); Local Civil Rule 56.1(c); <u>Berrie v. Bd. of Educ. of the Port Chester-Rye Union Free Sch. Dist.</u>, 750 Fed. Appx. 41, 50 (2d Cir. 2018) (affirming admission of facts on this basis).  To the extent that Plaintiff objects to Defendant's proposed factual statements, and affirmatively denies the assertions, she fails to provide proper citations to the record.  <u>See</u> Pl.'s 56.1, ECF Dkt. No. 80, ¶¶ 2, 10-13, 17-29, 31-39.  Instead, she repeatedly, and solely, refers to paragraphs 58-62 of her declaration which, similarly lacks appropriate citations.  <u>See</u> Pl.'s Dec., ECF Dkt No. 81, ¶¶ 58-62.  The absence of accurate citations to the record is fatal to Plaintiff's objections.  <u>See</u> <u>Feis v. United States</u>, 394 Fed. App'x. 797, 799 (2d Cir. 2010) (declining to "consider as disputed movant's Rule 56.1 statements supported by" evidence, to which nonmovant objected without evidentiary support).  Plaintiff's only citation in support of the aforementioned paragraphs, her attendance records[2], suggest that she was indeed present for all, but one, of the Whetstone quick feedback sessions, most of which, clearly pertain to Plaintiff's purported department focus, English Language Arts.  <u>See</u> Def.'s 56.1, ¶¶ 19, 24, 28.

_____

with proper redactions to maintain non-party, minors' anonymity and to ensure their privacy.  <u>See</u> <u>K.F. v. N.YC. Dep't of Educ.</u> No. 10-cv-5465 (PKC); 10-cv-6047(PKC), 2011 U.S. Dist. LEXIS 67739, at *4 (S.D.N.Y. June 15, 2021) (noting that student names should be redacted).
[2] Defendant identifies Plaintiff's reference to Exhibit 49 as Plaintiff's Exhibit 54.

Both Plaintiff's 56.1, and the Statement of Facts in her Memorandum of Law (Pl.'s Mem., ECF No. 82), are rife with inaccuracies and the referenced citations repeatedly fail to support the stated propositions.[3] In the interest of brevity, Defendant cites a few examples of Plaintiff's flagrant misrepresentations to the Court.[4] For example, with respect to Plaintiff's claim in paragraph 99 of Plaintiff's 56.1, Plaintiff offers no evidence that any of Plaintiff's observations were "fabricated," nor does the record reflect such assertion. See Pl.'s 56.1 ¶ 99; Pl.'s Mem., at pp. 5, 20-22. Plaintiff's speculation is insufficient to overcome summary judgment. See Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Instead, Plaintiff claims that DOE failed to observe her properly because she primarily taught "ELA subjects, reading and writing." Pl.'s 56.1 ¶¶ 36-37. Upon review of the annexed evaluation, the component section explicitly refers to Plaintiff's classroom behavior, not her co-teacher's performance. See ECF No. 81-28. Plaintiff's efforts to distract the Court in this fashion should be rejected, and her inability to point to record evidence warrants granting Defendants' summary judgment. See Local Civil Rule 56.1(c).

Plaintiff requested and received substantial evidence in discovery – yet is unable to point to any evidence contradicting Defendant's undisputed facts. Plaintiff is obligated to point this Court to evidence in the record to support her claims. Instead, Plaintiff proffered new material beyond the scope of the instant litigation that fail to support the remaining cause of action—a

---

[3] A majority of Plaintiff's citations are either mismarked or miscited. In fact, only Plaintiff's first two exhibits are cited correctly. Defendant believes that Plaintiff made two filing errors: (1) Plaintiff intended to file her medical records as one exhibit, and (2) Plaintiff submitted a duplicative version of Principal Harrison's statement to the SDHR. See ECF Nos. 81-2-5, 23-24. However, at some point, the marked exhibits fail to mimic any pattern. Compare ECF No. 81-26, with ECF No. 81-30, and compare ECF No. 81-24, with ECF No. 81-32. Consequently, Defendant attempted to decipher Plaintiff's exhibits and identify the correct exhibit to respond accordingly.

[4] To date, Plaintiff has yet to respond to defense counsel concerning a proposed joint statement of undisputed facts. See ECF No. 78. Should the Court direct, Defendant will provide supplement rebuttals to each of Plaintiff's inaccurate and disingenuous factual responses.

retaliation claim premised on the allegation that on June 24, 2019, Plaintiff requested that Principal Harrison have the custodian restore the power to the air conditioner and the DOE subsequently discontinued Plaintiff's employment.  See Order, ECF No. 31, at pp. 42-43.  Thus, summary judgment should be granted to Defendant.  See Jeffreys, 426 F.3d at, 554 (2d Cir. 2005).

### B. The Text Messages and SDHR Conference Notes Annexed as Exhibits to the Philbert Declaration are Inadmissible Hearsay

Plaintiff submitted 54 Exhibits to her Declaration, some of which are inadmissible. "Because a party 'cannot rely on inadmissible hearsay' in support of or in opposition to a motion for summary judgment, the Court must, as a preliminary matter, determine the likely admissibility of the hearsay evidence offered by a party."  Unicorn Crowdfunding, Inc. v. New St. Enter., 507 F. Supp. 3d 547, 571 (S.D.N.Y. 2020).  As aptly held by the Second Circuit, the only 'evidence' cited in plaintiffs' brief is their own self-serving testimony and plaintiffs have made no attempt . . . to square their own speculative, and subjective, testimony with the hard evidence adduced during discovery."  See Deebs v. Alstrom Transp., Inc., 346 F. App'x 654, 656 (2d Cir. 2009); see also ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 151 (2d Cir. 2007) ("[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment.").

Where a proffered fact that is supported by admissible evidence is disputed only with inadmissible evidence such as hearsay, the Second Circuit treats that fact as undisputed.  See Spiegel v. Schulmann, 604 F.3d 72, 81 (2d Cir. 2010) ("It is well established that, in determining the appropriateness of a grant of summary judgment, ... the district court in awarding summary judgment may rely only on admissible evidence."); see also Scotto v. Brady, 410 Fed. Appx. 355, 361 (2d Cir. 2010) ("We observe that a district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence, and that the principles governing admissibility of evidence do not change on a motion for summary judgment.").

The proffered text messages annexed as Exhibits 34-35, and Exhibit 40 and the SDHR conference notes annexed as Exhibits 22-23, include out of court statements by non-parties offered by plaintiff for the truth of the matter asserted, and as such are inadmissible hearsay.  See In re Lyman Good Dietary Supplements Litig., 17-cv-8047 (VEC), 2020 U.S. Dist. LEXIS 109318, at *6 (S.D.N.Y. June 22, 2020) ("Because hearsay evidence that fails to satisfy a hearsay exception is inadmissible at trial, the Court will not consider it in ruling on a motion for summary judgment.").  Indeed, Plaintiff does not make any argument as to the admissibility of this proffered evidence.

### C.  Plaintiff's Self-Serving Declaration Should Be Stricken

In addition to submitting hearsay and inadmissible information, Plaintiff also submitted her declaration in opposition to Defendant's motion which impermissibly is rife with argument.[5]  Plaintiff's 17 page declaration, wherein she both reiterates, and also raises unsupported facts, should be disregarded by this Court.  It is well settled that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony . . . Thus, factual issues created solely by a [declaration] crafted to oppose a summary judgment motion are not 'genuine' issues for trial."  Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).  Moreover, "vague assertions supported only by self-serving statements in the nonmoving party's affidavit are insufficient to defeat a properly supported summary judgment motion." See Messinger v. JP Morgan Chase Bank, N.A., 126 F. Supp. 376, 382 (S.D.N.Y. 2015).  Instead, the non-movant must provide "specific facts" suggesting that a genuine factual issue exists.  Id.

---

[5] See, e.g., paragraphs 2, 6, 33, 36, 48, 58, wherein Plaintiff directly responds to Defendant's argument.

Plaintiff has not done so. As stated above, Plaintiff's proposed contradictions and additional allegations fail to raise a triable issue of fact to preclude summary judgment.

**POINT II**

**PLAINTIFF FAILS TO RAISE A TRIABLE ISSUE OF FACT TO PRECLUDE SUMMARY JUDGMENT**

**A. Plaintiff Cannot Establish a Prima Facie Case of Retaliation**

The Opposition fails to suggest how Plaintiff is considered disabled under the Americans with Disability Act ("ADA") as a matter of law. Only in a conclusory fashion, absent any case law, does Plaintiff assert that "Defendant's actions and conduct . . . demonstrate that they regarded her as disabled under ADA." Pl.'s Mem, at p. 4. Plaintiff mistakenly asserts that because Principal Harrison allegedly knew of Plaintiff's migraines, she is therefore disabled under ADA guidelines. Only in the inadmissible, hearsay SDHR conference notes does Principal Harrison state that at some point "she disclosed to me that suffered from migraines." ECF No. 81-23; see contra ECF Nos. 81-17, 81-18[6]. Even taking this as true, Plaintiff ignores that the analysis turns on whether her migraines qualify as disability under ADA, and not whether Principal Harrison was aware of her migraines. See 42 U.S.C. § 12102(1)(A).

Plaintiff's annexed medical documentation dating back to 2015—none of which pertains to the relevant 2018-2019 academic year—fails to support her claim. See ECF Dkt No. 81 (Exs. 2-5, 7-8, 12-15); Pl.'s Mem, at p. 15. The Second Circuit has held that there is no substantial limitation on a major life activity where a plaintiff takes medication and regularly attends doctor visits for treatment. See Kendricks v. Westhab, Inc., 163 F. Supp. 2d 263, 269 (S.D.N.Y. 2001), aff'd, 40 F. App'x 619 (2d Cir. 2002). Plaintiff's argument that her migraines

---

[6] Even identifying Exhibits 17 and Exhibit 18 as Exhibit 20 and Exhibit 21 respectively, none of the cited exhibits support Plaintiff's assertion.

are an ADA-qualifying disability similarly fails because a diagnosis itself is insufficient. See Ibela v. Allied Universal, No. 21-1995-cv, 2022 U.S. App. LEXIS 12155, at *4 (2d Cir. 2022). Beyond Plaintiff's self-serving, formulaic list of activities, the record is devoid of any further evidence as to how, and to what extent, the chronic migraines constrained her. See Woolf v. Strada, 949 F.3d 89, 95 (2d Cir. 2020); FitzGerald v. We Co., No. 20-cv-5260 (AT), 2022 U.S. Dist. LEXIS 59036, at *23 (S.D.N.Y. Mar. 30, 2022); Woolf v. Bloomberg L.P., No. 16-cv-6953 (PKC), 2019 U.S. Dist. LEXIS 35082, at *37 (S.D.N.Y. Mar. 5, 2019). No reasonable trier of fact could conclude that the migraines substantially limited a major life activity and so are not an ADA-qualifying disability. See Woolf, 2019 U.S. Dist. LEXIS 35082, at *36.

Plaintiff failed to establish she is considered disabled under the ADA.

**B. Plaintiff Fails to Show that Defendant's Legitimate Business Reason Was Pretextual**

As stated in Defendant's opening papers, assuming, *arguendo*, that Plaintiff's chronic migraines were to qualify as a disability, and Plaintiff could make out a prima facie case, Defendant sets forth a legitimate, non-retaliatory reason for Plaintiff's probationary discontinuance. Plaintiff cannot show that Defendant's proffered reason is pretextual.

The record demonstrates that "the adverse employment action [was] both part, and the ultimate product of, an extensive period of progressive discipline" beginning months before the purported protected activity. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 90 (2d Cir. 2001). Plaintiff received multiple classroom observations, months of written feedback, and an ineffective annual rating. See Def.'s 56.1, ¶¶ 3-4, 7-9, 17-19, 20-25, 27-29, 35; Jackson v. N.Y.C. Dep't of Educ., 768 F. App'x 16, 17 (2d Cir. 2019). Plaintiff's Opposition fails rebut Defendant's argument. Instead, for the first time in Plaintiff's Opposition papers, she repeatedly asserts that DOE fabricated or failed to disclose her observations, feedback, and ratings for the

2018-2019 academic year.  See Pl.'s Mem., at pp. 5, 20-22.  Even assuming Plaintiff could make such assertion, as stated above, none of Plaintiff's citations support this claim.  See supra Point (I)(A); see also e.g., ECF No. 81-46, 81-49, 81-50.

Any argument that Plaintiff received satisfactory and effective ratings at her prior school does not in itself create a pretextual reason for Plaintiff's probationary discontinuance.  Contra Pl.'s Mem., ECF No. 81, at pp. 1, 4.  Plaintiff's Opposition papers seemingly ignore that she received multiple extensions of her probationary period.  See ECF Nos. 81-48.  The record establishes that following Plaintiff's transfer to a new school, a new Principal noticed, and documented, Plaintiff's poor performance.  See Def.'s 56.1, ¶¶ 20, 25, 29, 35.  Plaintiff also ignores that as early as October 2018, several months before her probationary discontinuance, all of her detailed, 2018-2019 classroom observations consisted of either developing or ineffective ratings.  See id. ¶¶  20, 25, 29, 35.  In addition, on numerous occasions, DOE offered Plaintiff ample feedback to improve her performance yet, still, Plaintiff received ineffective and developing observations and ratings.  See Pl.'s Mem., ECF Dkt. No, at p. 9.

Moreover, even after Plaintiff appealed her discontinuance, the Chancellor's Committee affirmed their decision to deny Plaintiff certification of completion of probationary service.  Plaintiff has not offered any evidence that any actions were motivated by retaliation rather than DOE's proffered explanation.  See Prendergast v. Port Auth. of N.Y. & N.J., No. 19-cv-7314 (ALC) (BCM), 2021 U.S. Dist. LEXIS 164976, at *17-18 (S.D.N.Y. 2021); see also Norris v. N.Y.C. Hous. Auth., No. 02-cv-6933 (RJH), 2004 U.S. Dist. LEXIS 8619, at *31 (S.D.N.Y. May 12, 2004) (an independent, neutral, decisionmaker "has probative weight regarding the causal link between an employee's termination and the employer's illegal motive").

Plaintiff attempts to suggest that an email exchange between Principal Harrison and Plaintiff, and a subsequent email exchange between Principal Harrison and Assistant Principal Lewis, both dated February 24, 2019, demonstrates pretext for Plaintiff's probationary discontinuance. This argument is unavailing. First, even liberally construing the email as Principal Harrison informing Plaintiff that her leave had tenure implications, the conversation has no bearing on Plaintiff's June 2019 requests to turn on the air conditioning and her subsequent probationary discontinuance. See Pl.'s Mem, ECF No. 81, at p. 21. Plaintiff's contentions are misguided since: (i) tenure decisions are independent from an employee's probationary employment period, (ii) DOE listed Plaintiff as an "area of concern," in an email dated February 5, 2019 (months before her discontinuance), and (iii) Plaintiff herself failed to meet the requisite qualifications for tenure. See ECF No. 81-47; ECF No. 76-20. Second, Plaintiff fails to demonstrate how Principal Harrison's suggestion to Assistant Principal Lewis to schedule an observation to "dot her I's and cross her Ts," is pretextual. See Pl.'s Mem, ECF No. 81, at p. 21. Plaintiff further argues that, the DOE contract prohibits multiple observers. See Pl.'s Mem., at p. 21 (citing to ECF No. 81-23.[7]). Although, conveniently, Plaintiff omits the appropriate referenced page, which suggests that having multiple observers is allowed. Id. (citing to ECF No. 81-32);   In fact, absent from the contract is any indication that a "trained administrator," cannot be considered Assistant Principal or Principal. See *Joint Intentions and Commitments (2008-2018)*, UFT, https://www.uft.org/files/attachments/teachers-contract-2009-2018.pdf (last visited June 16, 2023). Moreover, Plaintiff admits the observation never occurred. See Pl.'s Mem., at p. 21.

Also, contrary to Plaintiff's assertion, the DOE had no requirement to provide Plaintiff with a counseling memo or Teacher Improvement Plan ("TIP"). Plaintiff identifies a TIP

---

[7] Defendant identifies Plaintiff's reference to Exhibit 23 as Plaintiff's Exhibit 27.

memorandum that states a teacher that received a developing or ineffective for the 2018-2019 academic year will receive a TIP for the 2019-2020 academic year.  See ECF No. 81-40.[8]  Plaintiff ignores that this time, DOE had already discontinued her employment after years of subpar performance, and ample opportunities through multiple extended probations, to improve her pedagogy.  Likewise, to the extent that Plaintiff claims she had not received a counseling memo, Plaintiff also omits that in accordance with the DOE contract, a supervisor *may* issue a counseling memo to improve an employee's performance, but is not required to do so.  See ECF No. 81-39[9] (emphasis added).  Further, the absence of a counseling memo or TIP lacks any relevance to the remaining retaliation claim.

Lastly, Plaintiff's assertion that the DOE issued Plaintiff's probationary discontinuance shortly after Plaintiff requested that Principal Harrison ask the custodians to restore the air conditioning, without more, is insufficient to rebut the DOE's legitimate reason for Plaintiff's discontinuance.  See Pl.'s Mem., at pp. 17-18; Mestecky v. N.Y.C Dep't of Educ., 791 F. App'x 236, 238 (2d Cir. 2019); see also Smiley v. Cassano, No. 10-cv-3866 (RJS), 2012 U.S. Dist. LEXIS 39615, at *27 (S.D.N.Y. Mar. 20, 2012).

The ample documentation which supports Plaintiff's lengthy history of poor performance issues suggest a legitimate, nondiscrimination reason for Plaintiff's probationary discontinuance and Plaintiff fails to show Defendant's reason was pretextual.  See Woolf, 2019 U.S. Dist. LEXIS 35082, at *52 (S.D.N.Y. Mar. 5, 2019).

Accordingly, Plaintiff's retaliation claim under the ADA should be dismissed.

---

[8] Defendant identifies Plaintiff's reference to Exhibit 40 as Plaintiff's Exhibit 44.
[9] Defendant identifies Plaintiff's reference to Exhibit 39 as Plaintiff's Exhibit 43.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion for summary judgment, and grant Defendant costs, disbursements, and attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 20, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Rom 2-171
New York, New York 10007
(212) 356-5031
rdibened@law.nyc.gov

By:     *Rachel M. DiBenedetto*
         Rachel M. DiBenedetto
         Assistant Corporation Counsel

- 11 -