MANDATE

24-804
*Philbert v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-five.

Present:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    AMALYA L. KEARSE,
    REENA RAGGI,
        *Circuit Judges*,
_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 12, 2025

SHAKEMA PHILBERT,

    *Plaintiff-Appellant*,

v.                                               24-804

NEW YORK CITY DEPARTMENT OF EDUCATION,

    *Defendant-Appellee.*
_____

For Plaintiff-Appellant:      RICHARD ST. PAUL, Law Office of Richard St. Paul, Esq., PLLC, White Plains, NY.

For Defendant-Appellee:      DIANA LAWLESS (Richard Dearing, Deborah A. Brenner, *on the brief*), Of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

1

MANDATE ISSUED ON 12/12/2025

Appeal from a judgment of the United States District Court for the Southern District of New York (Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Shakema Philbert ("Philbert") challenges the district court's grant of summary judgment, entered on February 26, 2024, in favor of Philbert's former employer, Defendant-Appellee New York City Department of Education ("DOE"), on her sole claim of retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et seq*. Philbert alleges that DOE unlawfully terminated her probationary employment as a teacher because she requested that the air conditioner be restored in her classroom as an accommodation for her migraines. The district court held that there is no genuine issue of material fact as to whether Philbert had a disability, or was regarded as having a disability, within the meaning of the ADA and thus, DOE is entitled to summary judgment. On appeal, Philbert challenges this determination. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

\*      \*      \*

We review a district court's grant of summary judgment *de novo*. *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000). "Summary judgment is proper if, viewing all facts of record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986)).

"The ADA makes it unlawful for an employer 'to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this

chapter.'" *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 222 (2d Cir. 2001) (quoting 42 U.S.C. § 12203(b)). The burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to retaliation claims under the ADA. *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023). The elements of a *prima facie* case of retaliation are: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (internal quotations omitted). To prove a causal connection between the protected activity and the adverse action, a plaintiff must show that "'but for' the [protected activity], the adverse action would not have been taken." *Tafolla*, 80 F.4th at 125 (quoting *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019)). If the plaintiff establishes a *prima facie* case of retaliation, then the burden shifts to the defendant "to articulate some legitimate, non-retaliatory reason for the employment action." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). "This burden is one of production, not persuasion[.]" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). "[T]he plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

A plaintiff can satisfy the protected activity requirement in proving a retaliation claim even if "his condition was not a disability within the meaning of the ADA" so long as "he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated" the ADA. *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) (internal quotations and citations omitted). The district court thus erred in granting summary judgment on the ground that Philbert failed to raise a genuine issue of material

fact as to whether she had a disability, or was regarded as having one. Philbert was not required to prove her disability in order to make out a retaliation claim under the ADA.

Nevertheless, DOE is entitled to summary judgment because it came forward with evidence of a legitimate, nonretaliatory reason for discontinuing Philbert's employment—underperformance—and Philbert failed to adduce sufficient evidence to show pretext.[1] *See Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995) ("We are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied."). After five years of extensions of Philbert's probationary employment, her performance did not meet the standard for tenure. She had between 13 and 24 days of absences from school during each of the last four school years she worked at DOE. And in the final school year, DOE received negative reviews of Philbert's performance, including "Ineffective" and "Developing" ratings. Although Philbert disputes the reliability of these records, "we are decidedly not interested in the truth of the allegations against plaintiff." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006). Rather, "[w]e are interested in what *motivated* the employer." *Id.* (citation and internal quotations omitted). And Philbert's record of deficient performance formed the basis of a legitimate, nonretaliatory reason for the discontinuance of her probationary status.

Nor did Philbert produce sufficient evidence to establish at the third step of the *McDonnell Douglas* framework that DOE's reasons for terminating her were pretextual. Although DOE's issuance of probationary discontinuance to Philbert occurred the day after she asked the principal to restore the air conditioner, "[w]e have long held that 'temporal proximity' between a protected complaint and an adverse employment action 'is insufficient to satisfy [plaintiff's] burden to bring

---

[1] We assume without deciding that Philbert successfully established a *prima facie* case.

4

1   forward some evidence of pretext." *Ya-Chen Chen v. City Univ. of N. Y.*, 805 F.3d 59, 72 (2d
2   Cir. 2015) (citation omitted).   And the email exchange between the principal and vice principal
3   in February 2019 does not provide a reasonable basis on which a jury could conclude that DOE's
4   desire to retaliate against her was a but-for cause of her termination, given the years of extensions
5   on her probationary term and the subpar performance reviews.   *See id.* at 70.
6                                   *     *     *
7       We have considered Philbert's remaining arguments and find them to be without merit.
8   Accordingly, we **AFFIRM** the judgment of the district court.

9                                          FOR THE COURT:
10                                         Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit